UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH MOHABIR, on behalf of himself and others
similarly situated,                                                                    24 Civ. 843

**COMPLAINT**

Plaintiffs,

-against-

POWER COOLING INC.,

Defendant.
-------------------------------------------------------------------X

Plaintiff JOSEPH MOHABIR, by his attorneys, Menken Simpson & Rozger LLP, alleges

as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff is a 47 year old man and former employee of Power Cooling Inc. ("PCI"

or "Defendant") who performed steamfitter installation, maintenance and service work on private

and public job sites throughout the City of New York.

2.      Plaintiff often worked more than 40 hours per week and was not paid time and

one-half his regular rate of pay (i.e., the prevailing wage rate) for the hours he worked over 40 in

a week.

3.      Plaintiff installed, welded and serviced chillers in and on publicly-financed

construction projects pursuant to government contracts executed between PCI and the NYC

Department of Citywide Administrative Services (DCAS).

4.      Plaintiff was not paid the total amount of prevailing wages and supplemental

benefits for the occupation "Steam Fitter" for work performed for the City of New York and its

departments and subdivisions according to the New York City Prevailing Wage Schedules, as

1

required by statutorily required contractual terms set forth in New York Labor Law ("NYLL")

§ 220.

5.      Plaintiff brings this action on behalf of himself and all similarly situated former

and current employees of Defendant PCI who elect to opt into this action pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically the collective action

provision of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions

of the FLSA that have deprived Plaintiff and others similarly situated of their lawful wages,

including overtime for all hours worked in excess of forty in a week.

6.      Plaintiff also brings this action on behalf of himself as a third-party beneficiary of

Defendant's prevailing wage contracts.  Defendant failed to comply with the statutorily required

provision of all publicly-financed contracts entered into in the City of New York to abide by

NYLL § 220, requiring the proper payment of prevailing wages and supplemental benefits as set

by the New York City Comptroller.

7.      Finally, Plaintiff brings this action on behalf of himself and a class of similarly

situated current and former employees of Defendant, under Fed. R.Civ. P. 23, to obtain damages

under NYLL §§ 190 *et seq.* suffered as a result of Defendant's failure to provide hiring and

statement notice to its employees.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332

and 1337 and supplemental jurisdiction over Plaintiff's state and common law claims pursuant to

28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's federal claims under the

FLSA pursuant to 29 U.S.C. § 216(b).

9.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. Sec.

2

1391(b)(1), as Defendant's principal place of business is in this district and it conducts business in this district to a sufficient degree to be considered a resident of this district, pursuant to 28 U.S.C. § 1391(d).

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and 2202.

## PARTIES

11.     Plaintiff Joseph Mohabir is a resident of Queens, New York. Mohabir worked for PCI from 2003- 2010 and again from May 2019 to July 2023 installing, welding and servicing HVAC systems in and on private and public buildings in New York City. PCI paid Plaintiff the same hourly wage rate whether he worked in and on private or public buildings.

12.     At all times relevant to this Complaint, Plaintiff and other members of the putative class were employees of PCI, within the meaning of the FLSA, 29 USC § 203(e) and the NYLL § 190(2), and were laborers, workers, or mechanics within the meaning of NYLL § 220.

13.     Defendant Power Cooling Inc. or PCI is a New York corporation with its principal place of business in Queens, New York.

14.     PCI is a private, family-owned company that has been in operation since 1966.  It touts itself as the largest, privately owned mechanical contractor in the New York metropolitan area.

15.     PCI, upon information and belief, has provided services as both subcontractor and prime contractor on numerous public works projects and private projects throughout the City of New York during the relevant period and as a result is financially responsible for any wage violation committed from six years prior to the filing of this action.

## CLASS ALLEGATIONS

### FLSA Collective Action

16.    Plaintiff brings his FLSA claims on behalf of himself and all similarly situated persons who work or have worked for PCI performing steamfitter installation, welding, maintenance and service work and who did not receive overtime pay at the rate of time and one-half their lawful regular rate of pay, for all hours worked in excess of forty in a workweek on public projects ("FLSA Collective Action").  The aforesaid regular rate of pay is the required prevailing wage rate.

17.    Defendant PCI is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff, and as such, notice should be sent to the FLSA Class. Upon information and belief, there are at least 25 similarly situated current and former employees of PCI who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

### Rule 23 Class Action

18.    Plaintiff brings his New York Labor Law claims on his own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all employees of PCI who performed steamfitter installation, maintenance and service work, as well as other public work, and were not provided accurate hiring notices and accurate statements of wages in violation of the New York Labor Law Sections 195(1) and 195(3).  These claims are brought by Plaintiff on his own behalf and also on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all employees of PCI who performed steamfitter installation, maintenance and service work at any time during the six years prior to the filing of this case or between filing and the entry of judgment in this case ("Rule 23 Class").

4

19.    The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff, and calculation of such numbers would require facts in the sole control of Defendant, upon information and belief, there are more than 40 members of the class during the class period.

20.    The claims of Plaintiff are typical of the claims of the Rule 23 Class.

21.    Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

22.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

23.    Defendant has acted on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief appropriate for the class.

24.    There are questions of law and fact common to the class, which predominate over any questions solely affecting individual members of the class, including:

      a.    whether Defendant failed to provide Plaintiff and the Rule 23 Class a notice accurately describing their wages at the time they were hired;

      b.    whether Defendant failed to provide Plaintiff and the Rule 23 Class

accurate wage statements with every payment of wages.

## COLLECTIVE AND CLASSWIDE FACTUAL ALLEGATIONS

25.     Plaintiff and members of the Rule 23 Class and FLSA Collective Action ("Class Members") were employed by Defendant PCI.

26.     Plaintiff and Class Members performed steamfitter installation, service and maintenance service work in that they, among other tasks: did welding, brazing, and soldering work, as well as "start-ups" and "change-overs" on HVAC systems located in and on private and public buildings in New York City.

27.     Plaintiff and Class Members did this steamfitter installation, service and maintenance work on publicly-financed construction projects such as NYC Department of Citywide Administrative Services (DCAS) buildings.

28.     Class Members did the same steamfitter installation, maintenance and service work on other public works projects located in and around the City of New York.

29.     Plaintiff and Class Members frequently worked more than forty hours in a workweek.

30.     As part of its regular business practice, PCI intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the New York Labor Law. This pattern or practice includes, but is not limited to:

      a.     willfully failing to pay Plaintiff and the Class Members time and one half their lawful regular rate of pay, that of a Steam Fitter, for those hours worked in excess of forty per work week when they worked on a public job site;

      b.     willfully failing to pay Plaintiff and the Class Members their lawful,

6

contractually agreed upon, regular rate of pay, that of a Steam Fitter, for those hours they worked on a public job site;

c.    willfully failing to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

d.    willfully failed to provide Plaintiff and the Rule 23 Class their required wage notices and statements.

31.    Article 8 of the New York Labor Law requires that all contracts and subcontracts entered into for the performance of public works in New York State and City include contract terms requiring that individuals who work pursuant to such contracts be paid the prevailing wage and supplemental benefits at rates to be determined by the New York State Department of Labor and/or the New York City Comptroller.

32.    Article 8 of the New York Labor Law requires both contractors and all subcontractors performing work on a public works projects to post the prevailing wage schedule and supplement rates at the job site.

33.    Article 8 of the New York Labor Law requires contractors on public works projects to provide subcontractors with the schedule of prevailing wages and supplements.

34.    Article 8 of the New York Labor Law requires that subcontractors on public works projects provide contractors with a verified statement attesting that the schedule of wages and supplements has been reviewed and received and agreeing to pay the applicable prevailing wages and supplements.

35.    Article 8 of the New York Labor Law requires both contractors and subcontractors to keep certified payroll records of the hours worked and hourly wage rates paid to all laborers like Plaintiff on publicly financed construction projects.

36.     Plaintiff and Class Members did steam fitter installation, maintenance and service work but Defendant did not pay them the proper prevailing wage or supplemental benefits rate as required by said contract terms.

37.     The statutorily required promise to pay and ensure payment of the prevailing wage, supplements, and overtime in the public works contracts was made for the benefit of all workers furnishing steam fitter installation, maintenance and service work on the sites of public works projects and, as such, Plaintiff and Class Members furnishing such labor are the beneficiaries of that promise and the contracts entered into by Defendant and/or the contractor and government agencies.

38.     Upon information and belief, at various times between February 2, 2018 and the present, Defendant PCI, entered into contracts with government agencies and/or public benefit corporations, to provide steam fitter installation, maintenance and service work and employed Plaintiff and Class Members to perform the required work, including but not limited to work on the public projects described above.

39.     To the extent that PCI did not expressly enter into contracts with government agencies and/or public benefit corporations it entered into a subcontract with that public project's general contractor which required, expressly or by operation of law, that it pay Plaintiff and the Class Members the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract or subcontract terms.

40.     Defendant PCI willfully failed to pay Plaintiff and Class Members engaged in such steam fitter installation, maintenance and service work on said public works projects the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract terms.

41.    In performance of Defendant's contracts and subcontracts on public works projects, Plaintiff and Class Members performed steam fitter installation, maintenance and service work as described above.

42.    Defendant PCI regularly and as a matter of policy failed to pay Plaintiff and Class Members the correct prevailing wage rate, despite the fact that they were doing steam fitter installation, maintenance and service work on public projects.

43.    Despite often doing installation and welding work, Plaintiff and the Class Members were never paid the Steamfitter wage rate or the supplemental benefit rate.

44.    The prevailing wage rate for the occupation "Steamfitter" in New York City, as set by the New York City Comptroller's Office, effective July 1, 2022, was $61.30 per hour and the supplemental benefit rate was $59.89 per hour. The supplemental benefit rate is to be paid for each hour worked.

45.    The prevailing wage rate for the occupation "Steamfitter – Refrigeration and Air Conditioner Mechanic" in New York City, as set by the New York City Comptroller's Office, effective July 1, 2022, was $43.85 per hour and the supplemental benefit rate was $19.96 per hour. The supplemental benefit rate is to be paid for each hour worked.

46.    At no time prior were Plaintiff and Class Members paid the relevant supplemental benefit rate for any hour worked doing steam fitter installation, maintenance and service work at any public works projects.

47.    PCI paid Plaintiff and the Class Members the same hourly wage rate regardless of whether they worked on a private job site or a public job site. Defendant PCI's unlawful conduct as herein described has been widespread, repeated and consistent.

48.    At the time PCI hired Plaintiff and the Class Members, PCI failed to provide

NYLL 195(1) Hire Notice identifying for each employee his/her accurate rate or rates of pay and basis thereof, whether paid by hour or otherwise, the benefits paid or contributed and the prevailing wage supplements claimed as part of the prevailing wage or similar requirement.

49.    At the time PCI paid Plaintiff and the Class Members, PCI failed to provide a compliant NYLL 195(3) Wage Statement Notice identifying for each employee his/her accurate rate or rates of pay and basis thereof, whether paid by hour or otherwise, the benefits paid or contributed and the prevailing wage supplements claimed as part of the prevailing wage or similar requirement.

## INDIVIDUAL FACTUAL ALLEGATIONS

50.    Plaintiff is a skilled and experienced steam fitter who has installed, welded, serviced and maintained chillers and other HVAC systems.

51.    Plaintiff was employed by PCI and worked installing, welding, servicing and maintaining chillers and HVAC systems in and on private and public buildings in New York City. After working for PCI from 2003-2010, Plaintiff returned and worked for PCI from May 2019 to July 2023.

52.    Plaintiff worked on private and public job projects and was paid the same hourly rate regardless if he worked on a private or public job. Despite working regularly on public job projects doing installation and welding, Plaintiff was never paid the Steam Fitter prevailing wage rate and never paid the supplemental benefit rate.

53.    Plaintiff worked in and on buildings located in the City of New York, including public schools, public housing projects and healthcare facilities, as well as NYC Department of Citywide Administrative Service buildings.

54.    Plaintiff and the Class Members were assigned their job assignments the day

10

before or the morning of the assignment by text and performed their work in the same way.

55.     The City of New York, by and through its various agencies and departments, contracted with Defendant PCI to install, repair and service chillers and other HVAC systems in and around various buildings and public job sites as described above.  For example, in or around February 2019, PCI renewed a contract it had with the NYC Department of Citywide Administrative Services for $4.6 million to repair and maintain chillers in municipal buildings.

56.     Plaintiff and the Class Members performed this steam fitter installation, maintenance and service work in compliance with the aforementioned DCAS contract and other relevant public works contracts.

57.     By law and pursuant to contract, Defendant PCI was required to pay Plaintiff the lawful prevailing wage and supplemental benefits rate for the steam fitter work he performed, but failed to do so.

58.     Rather than pay Plaintiff approximately $43.85-$61.30 per hour in prevailing wages and $19.96 - $59.89 per hour in supplemental benefits (in 2022, for example), Defendant PCI paid Plaintiff substantially less in wages and supplemental benefits.

59.     Plaintiff often worked more than 40 hours in a week on public jobs and sometimes on Saturdays (i.e., six days per week), but Defendant PCI failed to pay him time and one-half his regular rate of pay, that being the prevailing wage rate, plus the correct amount of supplemental benefits pay.

60.      In late November 2023, PCI sent Plaintiff unannounced and unexplained prevailing wage payments in a minimal amount and asked him to release his claims against it. Plaintiff refused the payments.

## FIRST CAUSE OF ACTION

## (FLSA: UNPAID OVERTIME WAGES)

61.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 60 herein.

62.     Defendant PCI engaged in a widespread pattern or practice of violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

63.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

64.     At all times relevant to this action, Plaintiff and the putative collective were employed by Defendant PCI within the meaning of the FLSA, 29 U.S.C. § 203.

65.     At all times relevant to this action, Plaintiff and the putative collective were engaged in commerce and Defendant PCI was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66.     Defendant PCI willfully failed to pay Plaintiff and the putative collective overtime compensation at a rate of not less than one and one-half times their lawful regular rate of pay (i.e., the proper steamfitter's prevailing wage rate) for each hour worked in excess of forty in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

67.     Defendant PCI failed to keep appropriate and accurate payroll and time records as required by federal law.

68.     Due to the FLSA violations committed by Defendant PCI, Plaintiff and the collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest,

12

attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### (NYLL: UNPAID OVERTIME WAGES)

69.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 68 herein.

70.    At all times relevant to this action, Plaintiff was employed by Defendant PCI within the meaning of New York Labor Law Article 6 § 190.

71.    Defendant PCI willfully violated the rights of Plaintiff by failing to pay him overtime compensation at rates not less than one and one-half times their lawful regular rate (i.e., the proper steamfitter's prevailing wage rate) of pay for each hour worked in excess of forty in a workweek, in violation of New York Minimum Wage Act (New York Labor Law Article 12) and its regulations, N.Y.C.R.R. Sec. 142-2.2.

72.    Defendant PCI willfully violated the rights of Plaintiff by failing to pay him wages due and owing for work performed in violation of the New York State Labor law.

73.    Due to the New York Labor Law violations committed by Defendant PCI, Plaintiff is entitled to recover his unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

## THIRD CAUSE OF ACTION

### (BREACH OF THIRD-PARTY BENEFICIARY CONTRACT)

74.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 73 herein.

75.     Article 8 of the New York Labor Law, specifically § 220(3)(a), (b), requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

76.     The prevailing wage and supplement rates for Steamfitters doing installation, maintenance and service work in New York City for 2022, set by the New York City Comptroller, was in between $43.85 and $61.30 per hour in wages, plus approximately $19.96 or $59.89 per hour in supplemental benefits.[a]

77.     The statutorily required incorporation of such terms into all public works contracts and subcontracts in the City of New York exists for the benefit of Plaintiff.

78.     Defendant PCI breached its public works contracts and/or subcontracts by failing to pay Plaintiff the proper prevailing wage and supplemental benefits rate for all hours worked doing steam fitter installation, maintenance and service work in performance of said contracts.

## FOURTH CAUSE OF ACTION

## (NYLL 195(1))

79.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 78 herein.

80.     Defendant PCI willfully failed to provide Plaintiff and the putative class members with wage notices upon their hire, as required by NYLL, Article 6, § 195(1), in English

---

[a] The prevailing wage rates referenced herein are only examples of the amount Defendant should have paid Plaintiff and the Class Members for 2022. Calculation of the amounts owed Plaintiff and the Class Members going back six years from the date of the filing of this Complaint can be ascertained by identifying the prevailing wage and supplemental benefit rates for the prior years.

or in their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary, including the benefits paid or contributed and the prevailing wage supplements claimed as part of the prevailing wage or similar requirement.

94.    Through their knowing or intentional failure to provide Plaintiff and the putative class members with the wage notices required by NYLL, Defendant PCI has willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

95.    Due to Defendant PCI's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the putative class members are entitled to statutory penalties of fifty dollars for each work day that Defendant PCI failed to provide Plaintiff and the putative class members with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION

### (NYLL 195(3))

96.    Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 95 herein.

15

97.     Defendant PCI has willfully failed to provide Plaintiff and the putative class members with accurate statements of wages as required by NYLL, Article 6, § 195(3), in English or in their primary language, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages, as well as the benefits paid or contributed and the prevailing wage supplements claimed as part of the prevailing wage or similar requirement.

98.     Through their knowing or intentional failure to provide Plaintiff and the putative class members with the wage statements required by the NYLL, Defendant PCI has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

99.     Due to Defendant PCI's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the putative class members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendant PCI failed to provide Plaintiff and the putative class members with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

a.     That, at the earliest possible time, Plaintiff be permitted to give notice of

16

this collective action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendant PCI as a steam fitter doing installation, welding, maintenance and/or service work. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their lawful overtime compensation;

b.      Certificate of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.      Designation of Joseph Mohabir as representative of the Class, and counsel of record as Class Counsel;

d.      Unpaid overtime wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.*, and New York Labor Law Article 6 § 198 1-a;

e.      An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

f.      An additional and equal amount of unpaid wages as liquidated damages pursuant to New York Labor Law Article 6 § 198;

g.      The difference between the wages paid to Plaintiff for non-overtime work on public works projects based on the proper, lawful prevailing wage plus supplemental benefit rate at the time, as determined by the New York City Comptroller, and interest on said sum; and,

h.      Issuance of a declaratory judgment that the practices of Defendant PCI

complained of herein are unlawful under the FLSA and New York State

Labor Law.

Dated: New York, New York
       February 2, 2024

                                    MENKEN SIMPSON & ROZGER LLP


                          By:     /s/  Bruce E. Menken
                                  Bruce E. Menken
                                  80 Pine Street, 33nd Floor
                                  New York, NY 10005
                                  Office: 212-509-1616
                                  Cellular: 973-432-1122
                                  bmenken@nyemployeelaw.com

18