# PECHMAN LAW GROUP PLLC
## ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

March 27, 2024

**VIA ECF**

Honorable Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A South
Brooklyn, New York 11201

      Re:  *Mohabir v. Power Cooling Inc.*, 24 Civ. 843 (HG)
            (Joint Letter re: Initial Pretrial Conference, Case Management)

Dear Judge Gonzalez:

We represent Defendant Power Cooling Inc. ("Power Cooling") in the above-reference action. Together with counsel for Plaintiff Joseph S. Mohabir, the Parties jointly submit this letter and the attached proposed Civil Case Management Plan per the requirements of the Court's Order of February 22, 2024 (ECF No. 7) (the "Order").

**I.    Factual Description of Case and Claims/Defenses**

<u>Plaintiff's Position</u>

Plaintiff, on behalf of himself and others, alleges that he worked as a steamfitter for Power Cooling from May 2019 through July 2023, that he worked over forty hours per workweek at some point, and that Defendant did not pay him the required prevailing wage rates for steamfitters and one and one-half times that rate for hours worked over forty per workweek, in violation of the New York Labor Law ("NYLL") and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff alleges, pursuant to a third-party beneficiary contract theory, that Defendant owes unpaid prevailing wages for work he and others performed as steamfitters on public worksites in New York City on which Power Cooling served as prime or subcontractor. According to Plaintiff, Defendant failed to pay him the required regular and supplemental benefit rates for the steamfitter and/or the air conditioner/refrigeration steamfitter trades. Plaintiff also alleges that he did not receive accurate wage statements with his wage payments and a wage notice upon hiring, in violation of the Wage Theft Prevention Act ("WTPA"). Plaintiff brings his claim for unpaid overtime wages under the FLSA on a collective action basis and his state law claims on a class action basis under Rule 23 of the Federal Rules of Civil Procedure.

The Honorable Hector Gonzalez
March 27, 2024
Page 2 of 3

Defendant's Position

Power Cooling denies Plaintiff's allegations and submits that this Court lacks jurisdiction over this Action. In preparation for responding to the Complaint and preparing this joint letter, Power Cooling reviewed and produced over 600 pages of records to Plaintiff's counsel on March 25, 2024, which Plaintiff's counsel advises he has not reviewed yet because he was on holiday. Power Cooling's production includes Plaintiff's complete time and pay records; customer tickets of the few prevailing wage sites on which Plaintiff performed work, which reflect the specific work duties that Plaintiff performed on each jobsite per workday; union contracts describing the difference between the general and the air conditioner/refrigeration steamfitter trades; and over 100 pages of documents reflecting the numerous health, dental, life insurance and other substantial benefits that Power Cooling paid on behalf of Plaintiff and Plaintiff's dependents throughout his employment. Power Cooling's production shows that Plaintiff's allegations are, to say the least, exaggerated and questionable. Tellingly, Plaintiff avoids mentioning any of these facts in his Complaint, including that Defendant paid him between $42 and $47.50 per regular hour worked and one and one-half times these amounts per overtime hour (*i.e.*, over 40) worked per workweek, per hour over eight worked per workday, and Saturday work.

Crucially, Defendant claims its production shows that Plaintiff does not have a viable FLSA claim. Plaintiff's FLSA claim hinges on Plaintiff not being paid one- and one-half times the *prevailing wage rate* per overtime hour worked. *See* ECF No. 1 ¶¶ 66. But, according to Defendant, Plaintiff never worked more than forty hours in any workweek in which he worked on a public worksite. Because Power Cooling believes it always paid Plaintiff his high hourly wage rates per regular hour and one and one-half times those amounts per overtime hour worked, it contends Plaintiff has no viable FLSA claim. As such, Defendant argues this Court lacks subject matter jurisdiction over this Action.

Defendant reserves the right to defend against Plaintiff's state law claims on several bases, including that, for the same reasons his FLSA claim fails, his claim for unpaid overtime wages under the NYLL likewise fails. To the extent Plaintiff can potentially show a small underpayment of prevailing wages, which Power Cooling denies, Power Cooling has a good faith affirmative defense: It paid Plaintiff the hourly wage rates that the Department of Citywide Administrative Services ("DCAS") told it to pay. DCAS first contacted the New York City Comptroller's Office, the agency in charge of all matters concerning prevailing wages, before advising Power Cooling.

II.     **Jurisdiction and Venue**

The Court has personal jurisdiction over all Parties because they reside and/or do business within this District. If jurisdiction were proper, which the Parties dispute, venue would be proper before this Court.

Plaintiff claims that this Court has federal question jurisdiction over his claim for unpaid overtime wages under the FLSA and pendent jurisdiction over his state law claims. As noted, Power Cooling submits that the Court lacks subject matter jurisdiction over this

The Honorable Hector Gonzalez
March 27, 2024
Page 3 of 3

Action. The contemporaneous documentary evidence proves that Plaintiff does not and cannot have a claim for unpaid overtime wages under the FLSA. Defendant respectfully requests that the Court bifurcate discovery to address this dispositive issue first.

### III.  Contemplated Motions

The parties had a brief telephone call last week where they discussed how to move this case forward, including the possibility of settling the case on an individual rather than collective or class-wide basis. Should that not occur and an individual settlement is not reached, Plaintiff will make a motion for collective and/or class certification and reserves the right to make a motion for summary judgment at the end of discovery.

Defendant contemplates making a motion for summary judgment as soon as possible on Plaintiff's claims for unpaid overtime wages under the FLSA and NYLL and, if the Court agrees with Defendant, requesting that this Court dismiss all other claims without prejudice for lack of jurisdiction. In this regard, Defendant will request that the Court bifurcate discovery to address Plaintiff's alleged FLSA claim first, before any potential class or collective action motion practice, if the Parties cannot reach an individual settlement. Plaintiff objects to bifurcation and will respond to Defendant's request.

### IV.  Magistrate Judge; Settlement

The Parties do not consent to the referral of this matter for all purposes to the assigned Magistrate Judge. The Parties jointly request a referral to the assigned Magistrate Judge or to the Court's annexed mediation program, whichever is available first, to attempt in good faith to resolve their disputes. To preserve resources, the Parties further request that the Court stay discovery, other than discovery needed for settlement purposes, pending the Parties' attendance at a mediation or settlement conference.

### V.  Proposed Case Management Plan

Per the Order, the Parties submit the attached proposed Civil Case Management Plan. The dates proposed in it are based on the deadlines set forth in the Court's Order. However, Defendant requests that the Court bifurcate discovery to focus on the viability of Plaintiff's FLSA claim before the Parties begin the rest of discovery.

The Parties thank the Court for its time and attention to this matter and will discuss this letter and the attached proposed Case Management Plan in more detail with the Court during the initial status conference.

Respectfully submitted,

Gianfranco J. Cuadra

Enclosure (Civil Case Management Plan)
cc:  Bruce E. Menken, Esq.