UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH MOHABIR, *on behalf of himself and others similarly situated*,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>POWER COOLING, INC.,<br><br>　　　　　　Defendant. | **CIVIL CASE MANAGEMENT PLAN**<br><br>24-CV-00843 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

After receiving input from the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f). The parties should not anticipate extensions of the deadlines specified in this order and shall not make a unilateral decision to stay or halt discovery on the basis of settlement negotiations, or for any other reason, in anticipation of an extension.

The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto. Interim deadlines for these discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the fact and expert discovery completion dates.

1. **Fact Discovery**

    a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All fact discovery is to be completed by ___June 26, 2024___, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

b.     For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

c.     Any motion to amend pleadings or to join additional parties not allowed as of right pursuant to the Federal Rules of Civil Procedure must be raised through a pre-motion letter that complies with Section IV.A of the Court's Individual Practices by __April 5, 2024__.

2.   **Expert Discovery**

a.     The parties agree that there [is _X_ / is not ___ ] a need for expert discovery.

b.     All expert discovery is to be completed by __August 26, 2024__, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

c.     If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless – prior to that date – a party files a motion seeking an extension for purposes of taking expert discovery, which must comply with Section I.D of the Court's Individual Practices.  Any such motion should explain why expert discovery has become necessary and propose a schedule for such discovery.

3.    **Post-Discovery Motions**

    a.    Ten business days after the completion of fact or expert discovery, whichever occurs later, the parties shall file pre-motion letters related to any proposed motions for summary judgment or motions to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases.

    b.    Any such pre-motion letters shall comply with Section IV.A of this Court's Individual Practices, including the requirement that any such letters related to a motion for summary judgment contain the statement of material facts required by the Eastern District of New York's Local Civil Rule 56.1.

    c.    There shall be no cross-motions.  Any motions not raised in a pre-motion letter by the deadline specified above will not be considered.  The papers served and filed pursuant to any motions allowed by the Court shall comply with the requirements in Section IV.B of this Court's Individual Practices.

4.    **Pre-Trial Submissions**

    a.    The case [is ____ / is not  X  ] to be tried to a jury.

    b.    The parties shall submit to the Court for its approval a Joint Pretrial Order containing the content described in Section VI.B of the Court's Individual Practices either: (a) within 60 days after the completion of fact or expert

discovery, whichever occurs later, or (b) if a summary judgment motion

has been filed, within 30 days after a decision on such motion.

c.    The parties shall file any motions *in limine* 30 days in advance of trial in

accordance with Section VI.C of the Court's Individual Practices.

d.    The parties shall file any requests to charge, proposed verdict sheets, and

proposed *voir dire* questions 10 business days in advance of trial in

accordance with Section VI.C of the Court's Individual Practices.

5.    This order may not be modified or the dates herein extended, except by further

order of this Court requested in accordance with Section I.D of the Court's

Individual Practices.  Requests for extensions will ordinarily be denied if made

after the expiration of the original deadline.  Further, the use of any alternative

dispute resolution mechanism does not stay or modify any date in this order.

Indeed, unless the Court orders otherwise, parties engaged in settlement

negotiations must proceed on parallel tracks, pursuing settlement and conducting

discovery simultaneously.  Parties should not assume that they will receive an

extension of an existing deadline if settlement negotiations fail.

**SO ORDERED.**


_____
                                        HECTOR GONZALEZ
                                        United States District Judge

Dated: Brooklyn, New York

          _____  ___ , 20___

**ATTACHMENT A**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| **PRELIMINARY DISCOVERY MATTERS** | |
| [*If applicable*] Initial disclosures required by Fed. R. Civ. P. 26(a)(1) | April 11, 2024 |
| [*If applicable*] HIPAA-required medical records release authorizations | [*Absent exceptional circumstances, a date not more than 14 days following the parties' filing of the Case Management Plan.*] |
| [*If applicable*] N.Y. Crim. Proc. Law § 160.50 releases for arrest records | |
| [*If applicable*] Identification of John Doe/Jane Doe Defendants | |
| [*If applicable*] Procedures for producing Electronically Stored Information (ESI) discussed | |
| [*If applicable*] Confidentiality order to be submitted for court approval | |
| **SETTLEMENT PLAN** | |
| Plaintiff to make settlement demand by: | April 16, 2024 |
| Defendant to make settlement offer by: | April 26, 2024 |
| Referral to EDNY mediation program pursuant to Local Rule 83.8? (If yes, enter date for mediation to be completed) | May 2, 2024 |
| Settlement conference (proposed date) | May 3, 2024 (if mediation program is not available) |

| DISCOVERY DEADLINES | |
|---|---|
| Motion to join new parties or amend pleadings (cannot be adjourned except by Court order) | April 5, 2024 |
| Service of requests for production and interrogatories | April 16, 2024 |
| Response to requests for production and interrogatories | May 14, 2024 |
| Service of requests for admissions | May 23, 2024 |
| Response to requests for admissions | June 25, 2024 |
| Service of contention interrogatories | May 17, 2024 |
| Response to contention interrogatories | June 14, 2024 |
| Completion of fact witness depositions | June 26, 2024 |
| Completion of fact discovery (cannot be adjourned except by Court order) | June 26, 2024 |
| Completion of expert discovery, including production of reports and related documents and depositions (cannot be adjourned except by Court order) | August 26, 2024 |

| CONSENT TO MAGISTRATE JUDGE JURISDICTION | |
|---|---|
| Parties consent to conducting all further proceedings in this case, including motions and trial with or without a jury, before a Magistrate Judge pursuant to 28 U.S.C. § 636(c) | ☐ Yes<br>X No |

| COLLECTIVE ACTION AND CLASS ACTION MOTIONS ONLY | |
|---|---|
| Motion for collective action certification in FLSA cases (specify deadlines for response and reply) | Motion: May 21, 2024<br>Opposition: May 31, 2024<br>Reply: June 14, 2024 |
| Motion for Rule 23 class certification (specify deadlines for response and reply) | |

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

**1.      PLAINTIFF'S CLAIMS:**

**2.      COUNTERCLAIMS AND CROSS-CLAIMS:**

Defendant does not assert counterclaims at this time but reserves the right to do so if discovery reveals that there is a basis for a counterclaim.

**3.      THIRD-PARTY CLAIMS:**