```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JOSEPH MOHABIR,                                  :
                                                 :
                           Plaintiff,            :
                                                 :
              -against-                          :   24 Civ. 00843 (HG)
                                                 :
POWER COOLING INC.,                              :
                                                 :
                           Defendant.            :
---------------------------------------------------------------- X
```

**DEFENDANT POWER COOLING INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Power Cooling Inc. ("Defendant" or "Power Cooling"), by and through its undersigned counsel, answers the Complaint that Plaintiff Joseph Mohabir filed on February 5, 2024 (ECF No. 1, the "Complaint"), as follows:

**RESPONSE TO PRELIMINARY STATEMENT**

1. Power Cooling denies the allegations in Paragraph 1 and denies knowledge and information sufficient to form a belief as to Plaintiff's age, and therefore denies it, except Power Cooling admits only that Plaintiff is its former employee who performed some steamfitter maintenance and service duties primarily on private job sites and on some public worksites in New York City.

2. Power Cooling denies the allegations in Paragraph 2.

3. Power Cooling denies the allegations in Paragraph 3 except admits only that Plaintiff serviced chillers on some worksites governed by contracts between Power Cooling and the New York City Department of Citywide Administrative Services ("DCAS").

4. The allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 4.

5. The allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 5, denies that Plaintiff is entitled to the relief sought in Paragraph 5, and denies that Plaintiff can pursue a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), except Power Cooling admits only that Plaintiff purports to proceed as set forth in this Paragraph.

6. The allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations and that Plaintiff is entitled to the relief sought in Paragraph 6, except Power Cooling admits only that Plaintiff purports to proceed as set forth in this Paragraph.

7. The allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations and that Plaintiff is entitled to the relief sought in Paragraph 7, and it further denies that Plaintiff can pursue a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), except Power Cooling admits only that Plaintiff purports to proceed as set forth in this Paragraph.

**RESPONSE TO JURISDICTION AND VENUE**

8. The allegations in Paragraph 8 state a legal conclusion to which no response is required. To the extent a response is required, Power Cooling denies that this Court has diversity or subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, or 1337 because all Parties are residents of New York State, Plaintiff has not alleged and will not be able to allege facts sufficient to establish a claim under the FLSA, and there is

no allegation of antitrust or restraint on trade in this action. Defendant further denies that the Court has supplemental jurisdiction over Plaintiff's state law claims because, lacking jurisdiction over a federal claim, the Court should dismiss the Complaint.

9. The allegations in Paragraph 9 state a legal conclusion to which no response is required. To the extent a response is required, Power Cooling denies that venue is proper because this Court lacks subject matter jurisdiction over this action.

10. The allegations in Paragraph 10 state a legal conclusion to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 10, including that Plaintiff is entitled to a declaratory judgment against Power Cooling, because this Court lacks jurisdiction over this Action. Power Cooling respectfully refers the Court to the statutes referenced for a complete recitation of their terms and provisions.

## RESPONSE TO PARTIES

11. Power Cooling denies the allegations in Paragraph 11 and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence and therefore denies them, except Power Cooling admits only that Plaintiff worked for Power Cooling first from 2003 to 2010 and then again from approximately May 2019 to July 2023, that he serviced HVAC systems primarily on private buildings and on some public buildings in New York City, and that Power Cooling paid Plaintiff at the same hourly wage rates for work performed on private and public worksites.

12. The allegations in Paragraph 12 state a legal conclusion to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 12, except Power Cooling admits only that it employed Plaintiff within the meaning of the New York Labor Law ("NYLL").

13. Power Cooling admits the allegations in Paragraph 13.

14. Power Cooling denies the allegations in Paragraph 14, except Power Cooling admits only that it is a private, family-owned company that has operated since 1966 in the New York metropolitan area.

15. The allegations in Paragraph 15 state a legal conclusion to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 15, except Power Cooling admits only that it has served as a contractor on both private and public projects in New York City within the last six years.

## RESPONSE TO CLASS ACTION ALLEGATIONS

### Response to FLSA Collective Action

16. The allegations in Paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 16, denies that Plaintiff is entitled to any relief under the FLSA, and denies that Plaintiff is "similarly situated" to other persons within the meaning of the FLSA, except Power Cooling admits only that Plaintiff purports to proceed as set forth in this Paragraph.

17. The allegations in Paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 17, denies that Plaintiff is entitled to any relief under the FLSA, and denies that Plaintiff is "similarly situated" to other persons within the meaning of the FLSA, except Power Cooling admits only that Plaintiff purports to proceed as set forth in this Paragraph.

### Response to Rule 23 Class Action

18. The allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the

allegations in Paragraph 18, denies that Plaintiff is entitled to the relief sought in Paragraph 18, and denies that a Rule 23 class action is appropriate, except Power Cooling admits only that Plaintiff purports to proceed as set forth in this Paragraph.

19. The allegations in Paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 19, denies that Plaintiff is entitled to the relief sought in Paragraph 19, and denies that a Rule 23 class action is appropriate.

20. The allegations in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 23.

24. The allegations in Paragraph 24 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 24.

**RESPONSE TO COLLECTIVE AND CLASSWIDE FACTUAL ALLEGATIONS**

25. Power Cooling denies the allegations in Paragraph 25 except admits only that at one point Power Cooling employed Plaintiff within the meaning of the NYLL.

26. Power Cooling denies the allegations in Paragraph 26 except admits only that Plaintiff performed steamfitter service and maintenance duties on HVAC systems primarily in and on private buildings and some public buildings in New York City.

27. Power Cooling denies the allegations in Paragraph 27 except admits only that Plaintiff performed steamfitter service and maintenance duties on some worksites financed by DCAS.

28. Power Cooling denies the allegations in Paragraph 28 except admits only that it provides steamfitter maintenance and service to some public worksites in New York City.

29. Power Cooling denies the allegations in Paragraph 29 of the Complaint.

30. The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 30, including all of its subparts.

31. The allegations in Paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 31 and refers the Court to Article 8 of the NYLL for a complete recitation of its provisions.

32. The allegations in Paragraph 32 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 32 and refers the Court to Article 8 of the NYLL for a complete recitation of its provisions.

33. The allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 33 and refers the Court to Article 8 of the NYLL for a complete recitation of its provisions.

34. The allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 34 and refers the Court to Article 8 of the NYLL for a complete recitation of its provisions.

35. The allegations in Paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 35 and refers the Court to Article 8 of the NYLL for a complete recitation of its provisions.

36. The allegations in Paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 35 except admits only that Plaintiff at times performed steamfitter maintenance and service duties.

37. The allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 37.

38. Power Cooling denies the allegations in Paragraph 38 except admits only that it has contracted with government agencies calling for the provision of steamfitter maintenance and service work on public worksites.

39. Power Cooling denies the allegations in Paragraph 39 except admits only that it has contracted with government agencies calling for the provision of steamfitter maintenance and service work on public worksites.

40. The allegations in Paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 40.

41. Power Cooling denies the allegations in Paragraph 41 except admits only that its contracts or subcontractors concerning public worksites called for the provision of steamfitter maintenance or service work.

42. Power Cooling denies the allegations in Paragraph 42.

43. Power Cooling denies the allegations in Paragraph 43.

44. The allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 44 and refers to the New York City Comptroller's Office's wage rate schedules for a complete and accurate depiction of their contents.

45. The allegations in Paragraph 45 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 45 and refers to the New York City Comptroller's Office's wage rate schedules for a complete and accurate depiction of their contents.

46. Power Cooling denies the allegations in Paragraph 46.

47. Power Cooling denies the allegations in Paragraph 47 except admits only that it paid Plaintiff at the same hourly wage rates for work performed on both public and private worksites.

48. Power Cooling denies the allegations in Paragraph 48.

49. Power Cooling denies the allegations in Paragraph 49.

**RESPONSE TO INDIVIDUAL FACTUAL ALLEGATIONS**

50. Power Cooling denies the allegations in Paragraph 50 except admits only that Plaintiff performed steamfitter maintenance and service duties on HVAC systems.

51. Power Cooling denies the allegations in Paragraph 51 except admits only that Plaintiff serviced and maintained HVAC systems primarily on private buildings and

on some public buildings in New York City and that he worked for Power Cooling first from 2003 to 2010 and later from May 2019 to July 2023.

52. Power Cooling denies the allegations in Paragraph 52 except admits only that it paid him at the same hourly rate for work performed on private and public worksites.

53. Power Cooling denies the allegations in Paragraph 53 except admits only that Plaintiff worked in buildings in New York City and, of those buildings, at times worked on healthcare facilities and DCAS buildings.

54. Power Cooling denies the allegations in Paragraph 54.

55. Power Cooling denies the allegations in Paragraph 55 except admits only that Power Cooling contracted with New York City agencies to provide repair and maintenance services on HVAC systems and chillers.

56. Power Cooling denies the allegations in Paragraph 56 except admits only that Plaintiff at times performed steamfitter maintenance and service work.

57. The allegations in Paragraph 57 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 57 and refers the Court to the law and contract referenced for a full recitation of their terms.

58. Power Cooling denies the allegations in Paragraph 58, denies that Plaintiff was entitled to the hourly rates stated for different types of steamfitter work, denies that it failed to pay Plaintiff the applicable supplemental benefit, and denies that Plaintiff is entitled to the relief sought.

59. Power Cooling denies the allegations in Paragraph 59.

60. Power Cooling denies the allegations in Paragraph 60 as stated and denies that Plaintiff refused the checks he received.

## RESPONSE TO FIRST CAUSE OF ACTION
## (FLSA: UNPAID OVERTIME WAGES)

61. Defendant repeats and incorporates all foregoing paragraphs by reference.

62. The allegations in Paragraph 62 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 62.

63. The allegations in Paragraph 62 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 63 except admits only that Plaintiff purports to proceed as stated in this Paragraph.

64. The allegations in Paragraph 64 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 66 and further deny that Plaintiff is entitled to the relief he seeks under the FLSA.

67. The allegations in Paragraph 67 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 67.

68. The allegations in Paragraph 68 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the

allegations in Paragraph 68, denies that the FLSA applies to Plaintiff's claims, and denies that Plaintiff is entitled to pursue or recover the relief sought in this Paragraph, except Power Cooling admits only that Plaintiff purports to proceed as set forth in this Paragraph.

## RESPONSE TO SECOND CAUSE OF ACTION
### (NYLL: UNPAID OVERTIME WAGES)

69. Defendant repeats and incorporates all foregoing paragraphs by reference.

70. Power Cooling denies the allegations in Paragraph 70 except admits only that it employed Plaintiff within the meaning of the NYLL within the last six years.

71. The allegations in Paragraph 71 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 71, denies that it failed to pay Plaintiff at the required wage rates for hours worked over forty per workweek under the NYLL, and denies that Plaintiff is entitled to recovery under the NYLL as implied in this Paragraph.

72. The allegations in Paragraph 72 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 72.

73. The allegations in Paragraph 73 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 73 and further denies that Plaintiff is entitled to pursue or recover the relief sought in this Paragraph, except Power Cooling admits only that Plaintiff purports to proceed as set forth in this Paragraph.

## RESPONSE TO THIRD CAUSE OF ACTION
### (BREACH OF THIRD-PARTY BENEFICIARY CONTTRACT)

74. Defendant repeats and incorporates all foregoing paragraphs by reference.

75. Power Cooling denies the allegations in Paragraph 75 and refers the Court to Article 8 of the NYLL for a complete and accurate recitation of its terms and provisions.

76. The allegations in Paragraph 76, including its footnote "a," state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 76 and refers the Court to the wage schedules of the New York City Comptroller's Office for a complete and accurate recitation of all applicable wage and supplement rates.

77. The allegations in Paragraph 77 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 77.

78. The allegations in Paragraph 78 state legal conclusions to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 78.

### RESPONSE TO FOURTH CAUSE OF ACTION
### (NYLL 195(1))

79. Defendant repeats and incorporates all foregoing paragraphs by reference.

80. The allegations in Paragraph 80 state legal conclusions and arguments to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 80.

81. The allegations in Paragraph 81 (incorrectly numbered as Paragraph "94" in the Complaint) state legal conclusions and arguments to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 81 (incorrectly numbered Paragraph "94" in the Complaint).

82. The allegations in Paragraph 82 (incorrectly numbered as Paragraph "95" in the Complaint) state legal conclusions and arguments to which no response is required.

To the extent a response is required, Power Cooling denies the allegations in Paragraph 82 (incorrectly numbered Paragraph "95" in the Complaint) and denies that Plaintiff can pursue and be entitled to the relief sought.

**RESPONSE TO FIFTH CAUSE OF ACTION**
**(NYLL 195(3))**

83. Defendant repeats and incorporates all foregoing paragraphs by reference.

84. The allegations in Paragraph 84 (incorrectly numbered as Paragraph "97" in the Complaint) state legal conclusions and arguments to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 84 (incorrectly numbered Paragraph "97" in the Complaint).

85. The allegations in Paragraph 85 (incorrectly numbered as Paragraph "98" in the Complaint) state legal conclusions and arguments to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 85 (incorrectly numbered Paragraph "98" in the Complaint).

86. The allegations in Paragraph 86 (incorrectly numbered as Paragraph "99" in the Complaint) state legal conclusions and arguments to which no response is required. To the extent a response is required, Power Cooling denies the allegations in Paragraph 86 (incorrectly numbered Paragraph "99" in the Complaint) and denies that Plaintiff can pursue and be entitled to the relief sought.

**RESPONSE TO PRAYER FOR RELIEF**

87. To the extent that a response to Plaintiff's prayer for relief is required, Power Cooling denies each and every allegation and subparts (a) through (h) in the Prayer for Relief, denies that a collective action under the FLSA or a Rule 23 action is appropriate, denies Plaintiff's mischaracterization of his work duties performed, and denies that Plaintiff is entitled to any of the relief requested.

**GENERAL DENIAL**

Power Cooling denies each allegation in the Complaint that is not expressly admitted. Power Cooling notes that any admission in this Answer is limited just to the specific facts admitted, without admitting any other allegations or facts in the Complaint surrounding, labeling, or characterizing the limited facts admitted.

**DEFENSES**

Standing fully on its right to plead defenses in the alternative, Power Cooling asserts the following defenses and reserves the right to amend this Answer to assert other and further defenses when and if, during discovery and preparation for trial, it becomes appropriate.

By designating these matters as "defenses," Power Cooling does not suggest either that Plaintiff does not bear the burden of pleading, production, or proof as to such matters or that such matters are not elements that Plaintiff must establish to make a prima facie case on his claims against Power Cooling. Nothing stated in these Defendants is intended or shall be construed as an admission that any issue or subject matter is relevant to the Plaintiff's allegations.

Power Cooling alleges the following defenses:

1. Plaintiff's claim for unpaid overtime wages under the FLSA and NYLL fails because Power Cooling always paid him all wages required under the FLSA and NYLL.

2. This Court lacks subject matter jurisdiction because Plaintiff fails to allege, and after discovery will be unable to allege, a violation of the FLSA. As such, the Court should dismiss all of Plaintiff's state law claims.

3. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

4. At no time were the actions of Power Cooling willful.

5. The claims of Plaintiff are barred, in whole or in part, by the doctrines of setoff and recoupment.

6. The claims of Plaintiff are barred, in whole or in part, because Power Cooling has acted in good faith, with a reasonable basis, and with intent to comply with the law.

7. Power Cooling has not willfully failed to pay any wages or monies claimed due, and there is a good faith dispute with respect to Power Cooling's obligation to pay any sum that may be alleged to be due.

8. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable under the FLSA or state law.

9. The claims of Plaintiff are barred, in whole or in part, due to lack of standing.

10. The claims of Plaintiff are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, claim preclusion, and/or issue preclusion.

11. To the extent that Plaintiff was paid compensation beyond that to which he was entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid moneys due.

12. The claims of Plaintiff may be barred or reduced by his failure to mitigate or avoid his damages, if any.

13. The damages, if any, of Plaintiff were proximately caused by persons or entities other than Power Cooling, including Plaintiff.

14. Power Cooling reserves the right to seek contribution or indemnification from other parties whose actions contributed to or caused the damages of Plaintiff, which damages are specifically denied.

15. The claims of Plaintiff are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, estoppel, accord and satisfaction and/or other equitable defenses.

16. Plaintiff has sustained no damages or, if any, *de minimis* damages, which are not actionable under the FLSA or New York law.

17. At all pertinent times, Power Cooling acted in good faith in conformity with and in reliance on applicable statutes, regulations, and interpretations regarding some or all of the alleged acts or omissions, with reasonable grounds to believe that it was not violating any applicable law.

18. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL or breach of contract theories.

19. Power Cooling will rely on all defenses that become available during discovery or trial.

**RESERVATION OF RIGHTS**

Power Cooling has not knowingly or intentionally waived any applicable defenses and reserves the right to amend its Answer and Defenses as warranted through the discovery process and to assert additional defenses, crossclaims, or counterclaims that may become known to it.

**PRAYER FOR RELIEF**

Power Cooling respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, find that Plaintiff is not entitled to any judgment or relief, enter judgment in favor of Power Cooling, award Power Cooling its costs and attorneys' fees incurred in defending this action, and award Power Cooling such other and further relief as the Court deems just and proper.

Dated: New York, New York
      March 27, 2024

                                PECHMAN LAW GROUP PLLC

                                By:    /s/ *Gianfranco Cuadra*
                                       Louis Pechman
                                       Gianfranco J. Cuadra
                                       488 Madison Avenue, 17th Floor
                                       New York, New York 10022
                                       Tel.: (212) 583-9500
                                       pechman@pechmanlaw.com
                                       cuadra@pechmanlaw.com
                                       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on March 27, 2024, Defendant Power Cooling Inc. filed its Answer and Defenses to Plaintiff's Complaint on the Court's ECF system and send it by email to Plaintiff's counsel of record:

Bruce E. Menken, Esq.
MENKEN SIMPSON & ROZGER LLP
80 Pine Street, 33rd Floor
New York, New York 10005
Email: bmenken@nyemployeelaw.com

*Attorney for Plaintiff*

/s/ Gianfranco Cuadra
Gianfranco J. Cuadra
PECHMAN LAW GROUP PLLC
Attorneys for Defendant
Power Cooling Inc.

*Attorneys for Defendant*